UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADELYN ASISI-NAMINI
BORSU ASISI-NAMINI

    Plaintiffs

                              Case No.

vs.

                              Hon.

HANSEN PROPERTIES
WAYMO LLC

    Defendants

| | |
|---|---|
| MALIN & KUTINSKY PC<br>Brian A. Kutinsky (P39107)<br>30777 Northwestern Highway, Ste 300<br>Farmington Hills, Michigan 48334<br>248.973.1000 p \| 248.254.3210 f<br>Bkutinsky@themklawfirm.com<br>*Attorney for plaintiffs* | WILSON ELSER MOSKOWITZ<br>  EDELMAN & DICKER LLP<br>William S. Cook (P68934)<br>Nicole L. Gettler (P76130)<br>17197 N. Laurel Park Drive, Suite 201<br>Livonia, Michigan 48152<br>313.327.3100 p \| 313.327.3101 f<br>william.cook@wilsonelser.com<br>nicole.gettler@wilsonelser.com<br>*Attorneys for defendant Waymo* |

DEFENDANT WAYMO LLC'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. § 1446

    Defendant Waymo LLC, by and through its attorneys, submits this notice of removal in accordance with 28 U.S.C. § 1446 and further states as follows:

Background

1. On September 11, 2024, plaintiffs Madelyn and Borsu Asisi-Namini, through their attorneys, filed a personal injury complaint in Oakland County Circuit Court against defendants Hansen Properties and Waymo LLC. (A copy of the complaint received by defendant is attached as Exhibit A.)

2. In this lawsuit, plaintiffs allege that Madelyn sustained personal injuries as the result of an alleged slip and fall incident and that Borsu sustained a related loss of consortium due to his wife's injuries.

Basis for Removal – Diversity Jurisdiction

3. A defendant may remove a case from state court to federal court if a federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a)

4. Federal courts have original jurisdiction based on diversity of citizenship if two requirements are met—the amount in controversy exceeds $75,000 and the dispute arises between citizens of different states. 28 U.S.C. § 1332(a). These requirements are satisfied here.

5. **Diversity of citizenship.** Diversity of citizenship exists because plaintiffs are citizens of Michigan and defendants are citizens of different states.

6. Plaintiffs are residents and citizens of Michigan. (Ex. A—Complaint, ¶ 1)

7. Defendant Waymo LLC's citizenship is based on the citizenship of its members. *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624 (6th Cir. 2002). Waymo LLC has one member—Waymo Holding, Inc. (Ex. B[1]) Waymo Holding Inc. is a corporation incorporated in the state of Delaware and has a principal place of business in Mountain View, California. Waymo Holdings Inc. is therefore a citizen of Delaware and California. 28 U.S.C. 1332(c)(1). Waymo LLC is also therefore a citizen of Delaware and California.

8. Defendant Hansen Properties is, upon information and belief, a partnership, and all of its partners are individuals, none of whom are citizens of Michigan.

9. Based on the above, there is complete diversity of citizenship among the parties based on 28 U.S.C. § 1332(a). Plaintiffs are citizens of Michigan, while the defendants are citizens of states other than Michigan.

10. **Amount in controversy.** Diversity jurisdiction further exists because the amount in controversy exceeds $75,000.

11. Plaintiffs' complaint does not allege a specific amount in controversy, but it requests a judgment in their favor in amount that exceeds $25,000. (Ex. A—Complaint, ¶ 5)

---

[1] The attached statement refers to the member as Waymo Holdings Inc, but the correct name is Waymo Holding Inc.

12.   However, plaintiffs also allege that, as a result of the accident, Madelyn suffered injuries to her neck, back, head, and arm; "will suffer present and future pain and suffering, mental anguish, loss of enjoyment of life, loss of function, all of which are permanent in nature"; and has and will incur medical expenses (Ex. A—Complaint, ¶ 8-10) Plaintiffs further allege that Borsu has "suffered a loss of companionship, services and conjugal relationships formerly enjoyed with his wife and that these relationships have been permanently affected," resulting in a loss of consortium (Ex. A—Complaint, ¶ 12)

13.   Given plaintiffs' alleged injuries and damages, defendant believes that the amount in controversy exceeds $75,000 exclusive of interest and costs.

14.   Based on the above, removal of the state court action to this court is proper under 28 U.S.C. §§ 1332(a)(2) and 1446(b) due to diversity of citizenship of the parties and an amount in controversy in excess of $75,000 exclusive of interest and costs.

Procedural Matters

15.   **Removal is timely.** This Notice of Removal is timely under 28 U.S.C. § 1446(b). Waymo LLC was served with the complaint on September 17, 2024. This Notice of Removal is therefore timely because it is filed within 30 days after the defendant received the complaint.

4

16. **Removal to proper court.** A defendant must remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiffs filed their state court lawsuit in Oakland County, Michigan, which is within the judicial district of this court. 28 U.S.C. § 102(a)(1).

19. **Pleadings and process.** Defendant has attached a copy of all pleadings and orders that have been served on Waymo LLC in the state court action as Exhibit A.

20. **Service and state court notice.** Defendant will promptly serve plaintiffs with this Notice of Removal and will also promptly file a copy of this Notice of Removal with the Oakland County Circuit Court as required by 28 U.S.C. § 1446(d).

21. **Consent and other defendants.** Upon information and belief, defendant Hansen Properties has not been served with the complaint at the time Waymo LLC files this Notice of Removal. Hansen Properties' consent is therefore not required to properly remove the case pursuant to 28 U.S.C. § 1446(b)(2)(A) (requiring the consent of all defendants "who have been properly joined and served").

22. All the requirements for removal of the state court action to this court under 28 U.S.C. § 1446 are met, this court's jurisdiction is established based on

diversity of citizenship, and defendant removes this action from Oakland County Circuit Court to the United States District Court, Eastern District of Michigan.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By:/s/ William S. Cook
William S. Cook (P68934)
Nicole L. Gettler (P76130)
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
313.327.3100 p | 313.327.3101 f
william.cook@wilsonelser.com
nicole.gettler@wilsonelser.com
*Attorneys for defendant Waymo*

Certificate of Service

The undersigned certifies that on October 11, 2024, this document was electronically filed with the Clerk of the Court using the CM/ECF system. Copies were also emailed to counsel identified in the caption on the same date.

/s/ Rhoda Haick