UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADELYN ASISI-NAMINI           Case No: 2:24-cv-12699
AND BORSU ASISI-NAMINI,         Hon. Mark A. Goldsmith

    Plaintiffs,

vs.

HANSEN PROPERTIES,
a foreign corporation,
WAYMO LLC,
a foreign limited liability company,
and CBRE, INC.,
a foreign corporation,

    Defendants,

and

CBRE, INC

    Third-Party Plaintiff,

V

PROFESSIONAL GROUNDS SERVICES, LLC

    Third-Party Defendant.

_____/

## CORRECTED THIRD-PARTY COMPLAINT

Third-Party Plaintiff CBRE, Inc., by and through the its attorneys, COLLINS EINHORN FARRELL, P.C., and for its Corrected Third-Party Complaint against Professional Grounds Services, states as follows:

## PARTIES

1. Third-Party Plaintiff CBRE, Inc. (hereinafter "CBRE") is a foreign profit corporation, doing business in the City of Novi, County of Oakland, State of Michigan.

2. Upon information and belief, Third-Party Defendant Professional Grounds Services, L.L.C. is a domestic limited liability company.

## JURISDICTION AND VENUE

3. CBRE repeats and incorporates by reference each of the allegations contained within the proceeding paragraphs as if fully set forth herein.

4. This Court has jurisdiction over these third-party claims pursuant to 28 U.S.C. § 1367 because the actions of Professional Grounds Services share a common nucleus of operative fact with the case already before the court.

5.     Venue is proper in this Court because a substantial part of the events giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

6.     CBRE repeats and incorporates by reference each of the allegations contained within the proceeding paragraphs as if fully set forth herein.

7.     CBRE provided facility management services to Waymo, LLC (hereinafter "Waymo") at Waymo's Novi location at 46555 Magellan Drive, City of Novi, County of Oakland, State of Michigan.

8.     CBRE is a defendant in the Complaint wherein the Asisi-Naminis seek recovery for personal injuries Madelyn Asisi-Namini allegedly sustained in a slip and fall incident on the exterior steps at 46555 Magellan Drive, City of Novi, County of Oakland, State of Michigan on December 28, 2021.

9.     In October 2021, CBRE contracted with Professional Grounds Services to provide snow removal services to Waymo, LLC at its Novi location at 46555 Magellan Drive, City of Novi, County of Oakland, State of Michigan. **Exhibit A**, Snow Removal Contract.

10. The Asisi-Naminis assert in their Complaint that the cause of the Accident was, in part, CBRE's alleged negligence in failing to manage snow removal services provided in the parking lot of 46555 Magellan Drive.

11. Pursuant to the Contract, Professional Grounds Services was to provide snow removal services to 46555 Magellan Drive, City of Novi, County of Oakland, State of Michigan from November 15, 2021 to April 30, 2022. **Exhibit A.**

12. CBRE prepared a Purchase Order for the snow removal services Professional Grounds Services provided at 46555 Magellan Drive, City of Novi, County of Oakland, State of Michigan in December 2021. **Exhibit B**, CBRE Purchase Order.

13. The Purchase Order was subject to CBRE's Global Terms and Conditions. **Exhibit B**.

14. Pursuant to the Global Terms and Conditions, Professional Grounds Services must indemnify CBRE for any claims arising out of "any personal injuries" to "any third party." **Exhibit C**, CBRE Global Terms and Conditions.

15. This indemnity obligation applies unless the injury arises out of "CBRE's sole or gross negligence or willful misconduct." **Exhibit C.**

16. To the extent CBRE may be found liable to Plaintiff, which liability CBRE expressly denies, CBRE is entitled to full indemnification from Professional Ground Services, pursuant to the terms of the Purchase Order and the Global Terms and Conditions.

## COUNT I— EXPRESS CONTRACTUAL INDEMNIFICATION
## PROFESSIONAL GROUNDS SERVICES

17. CBRE repeats and incorporates by reference each of the allegations contained within the proceeding paragraphs as if fully set forth herein.

18. Pursuant to the Purchase Order, Professional Grounds Services agreed that its work was subject to specific terms and conditions, which required Professional Grounds Services to defend, indemnify and hold harmless CBRE for all claims and lawsuits, including claims for personal injury.

19. While CBRE denies the Asisi-Namini's claims, those claims arose out of Professional Grounds Services work under the Purchase Order and Global Terms and Conditions and, therefore, Professional

Grounds Services is contractually required to defend, indemnify and hold harmless CBRE from any and all claims brought by the Asisi-Naminis.

20. If Plaintiff recovers any judgment against Professional Grounds Services, CBRE will be unfairly damaged.

21. CBRE tendered its defense in this lawsuit to Professional Grounds Services.

22. To date, Professional Grounds Services has not agreed to defend, indemnify, or hold harmless CBRE and is, therefore, in breach of its contractual obligations, thus causing damage to CBRE, including by causing CBRE to incur substantial legal fees, costs, and a potential verdict.

WHEREFORE, CBRE, Inc. respectfully requests that judgment be entered in its favor against Professional Grounds Services, and that it be indemnified by Professional Grounds Services for all defense expenses, settlements, judgments and any other damages incurred by or on its behalf as a result of the claims made by the Asisi-Naminis and further that it be awarded all costs and attorney's fees incurred that are available by common law, contract or statute together with costs and attorney's fees incurred in this action and any other appropriate relief.

|  | Respectfully submitted, |
|---|---|
|  | COLLINS EINHORN FARRELL PC |
|  | */s/ Rebecca I. Fadler* |
|  | DEBORAH A. LUJAN (P46990) |
|  | REBECCA I. FADLER (P86691) |
|  | Attorneys for Defendant CBRE, Inc |
|  | 4000 Town Center, 9th Floor |
|  | Southfield, MI 48075 |
| Dated: June 20, 2025 | (248) 355-4141 |

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

>  */s/ Rebecca I. Fadler*
>  DEBORAH A. LUJAN (P46990)
>  REBECCA I. FADLER (P86691)